LANE, J.
The only question here, is, whether a voluntary endorsement of a writ for costs, after its return, imposes an obligation *180 upon the security whicli can be enforced by a scire facias? The statute in force, when this writ was endorsed (22 O. L. 50), provides that when the plaintiff is not a resident or freeholder in the county, the writ shall be endorsed by some resident freeholder, as security for costs, before the clerk shall deliver the same to the plaintiff, and that the person so endorsing shall thereby be bound, and liable to pay all costs, &c., in the Court of Common Pleas and Supreme Court; and after final judgment in the case, may be charged by scire facias. Upon the equity of this statute, and the practice under it, to take security for costs, by endorsement of the writ, when ordered by the court during the pendency of the suit, we are disposed to sanction the proceedings, and so hold the endorsment obligatory, and the endorsers liable in this form of action. The plea therefore is no bar, and the demurrer must be sustained.
Upon inspecting the record as to the other issue, it appeared that the entry of the security was not embraced in the record of the judgment. A diminution of -the record was then suggested, leave given to amend, and the cause was continued.
[Reversed, as Noble v. Shearer & Markley, 6 O. 426, but not on the point that the endorsement of writ after service binds surety for costs, which is approved in Newsom v. Ran, 18 O. 240, 246.]